**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2013

Lyle W. Cayce
Clerk

No. 12-50324
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISIDRO AYALA-URA, also known as Omar Garcia-Rodriguez, also known as
Isidro Ayala-Uri,

Defendant-Appellant

Cons. w/ No. 12-50328

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OMAR GARCIA-RODRIGUEZ, also known as Isidro Ayala-Ura, also known as
Rafael Ayala,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2862-1
USDC No. 3:12-CR-489-1

No. 12-50324
c/w No. 12-50328

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Isidro Ayala-Ura, also known as Omar Garcia-Rodriguez and Isidro Ayala-Uri, appeals the concurrent 30-month within-guidelines sentences imposed following his guilty-plea conviction on one count of attempted illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1), and one count of false personation in immigration matters, in violation of 18 U.S.C. § 1546(a). He also appeals the consecutive 21-month sentence imposed following the revocation of a prior term of supervised release.

Ayala-Ura contends that the 51-month combined sentence is substantively unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). The sentences imposed for Ayala-Ura's new immigration offenses and on the revocation of supervised release are separate sentences imposed in separate criminal proceedings. *See Johnson v. United States*, 529 U.S. 694, 700 (2000). Moreover, we have rejected contentions that a consecutive within-guidelines revocation sentence, like Ayala-Ura's, renders the combined sentence unreasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). His challenge to the substantive reasonableness of the combined sentence is without merit.

Neither has Ayala-Ura shown that his concurrent within-guidelines sentences of 30 months are substantively unreasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). We have rejected a claim that the Sentencing Guidelines overstate the seriousness of illegal reentry simply because the offense is a non-violent international trespass. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Further, Ayala-Ura's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assertions that his motive for reentering the United States, his low risk of recidivism and his ineligibility for specific Bureau of Prisons programs justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). The instant record reflects that the district court considered Ayala-Ura's mitigation arguments and ultimately concluded that a sentence at the top of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. That we might reasonably conclude that a different sentence was appropriate is not a sufficient reason to justify reversal. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

Ayala-Ura has also failed to show that the consecutive 21-month within-guidelines revocation sentence is substantively or plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We review preserved challenges to revocation sentences under the deferential plainly unreasonable standard. *Id.* In so doing, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted). If we conclude that the sentence is unreasonable, we then determine "whether the error was obvious under existing law." *Id.* Ayala-Ura contends that the plainly unreasonable standard adopted by *Miller* is incorrect and that revocation sentences should be reviewed under the standard of reasonableness set forth in *United States v. Booker*, 543 U.S. 220 (2005). He acknowledges, however, that his argument is foreclosed and that he merely seeks to preserve the issue for further review.

The 21-month revocation sentence was within the range recommended by the policy statements and within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G.

§ 7B1.4(a).  As previously discussed, Ayala-Ura's assertions that his motive for reentering the United States, his low risk of recidivism, and his ineligibility for particular Bureau of Prisons programs justified a lower sentence are insufficient to rebut the presumption of reasonableness.  *See Gomez-Herrera*, 523 F.3d at 565-66; *Rodriguez*, 523 F.3d at 526.

Accordingly, the district court's judgments are AFFIRMED.